330 So.2d 847 (1976)
Harold Connor MINNIS and Dade County, a Political Subdivision of the State of Florida, Appellants,
v.
Minnie JACKSON, Appellee.
No. 75-999.
District Court of Appeal of Florida, Third District.
April 13, 1976.
Rehearing Denied May 12, 1976.
Sam Daniels, John E. Finney, Miami, for appellants.
Horton, Perse & Ginsberg, George P. Telepas, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendants Harold Minnis and Dade County appeal a $45,000 final judgment for the plaintiff entered pursuant to a jury verdict.
Plaintiff, Minnie Jackson, was injured while riding as a passenger on a County MTA bus. She filed the instant suit for damages against defendants Dade County and the bus driver, Harold Minnis, and the County admitted liability. A trial was held on the issue of damages and the jury returned a verdict for $45,000. After entry of final judgment, defense counsel discovered that the jury foreman, Daniel Medvin, had given false answers during voir dire *848 examination, i.e. upon being asked whether any members of his family had been in an accident where they had been injured, Medvin replied in the negative when, in fact, his daughter had been injured in a county bus a year before. Although no legal action had been instituted, a claim had been filed with the county. Defense counsel moved for a new trial on this ground. A rule to show cause was issued and a hearing was held at which the jurors were questioned by counsel and the trial judge. Medvin denied that his fairness as a juror had been affected or that he had played an active role in the jury discussions leading to a verdict. The other remaining jurors were questioned and the fact was brought out that Medvin recommended that the verdict be high enough to allow the plaintiff to pay her attorney. The trial judge denied the motion for new trial and this appeal ensued. We reverse.
The well established rule is that the failure of a juror to honestly answer material questions propounded to him on voir dire examination constitutes bad faith requiring his disqualification from serving on the jury in the case. Seay v. State, 139 Fla. 433, 190 So. 702 (1939). Further, the right of counsel to challenge a juror for cause or peremptorily being indispensible to the successful operation of our jury system, the right of fair trial by an impartial jury is destroyed when the right to make an intelligent judgment as to whether a juror should be challenged is lost or unduly impaired. When this occurs, the verdict should be set aside and a new trial granted. Ellison v. Cribb, Fla.App. 1972, 271 So.2d 174. For the question is not whether an improperly established tribunal acted fairly, but whether a proper tribunal was established. Skiles v. Ryder Truck Lines, Inc., Fla.App. 1972, 267 So.2d 379.
The final judgment is reversed and the cause remanded to the trial court for a new trial on the issue of damages.