451 So.2d 977 (1984)
Helen K. SMILEY, William Smiley, and Preferred Risk Mutual Insurance Company, Appellants,
v.
Charles T. McCALLISTER and Myra J. McCallister, Appellees.
No. 83-1023.
District Court of Appeal of Florida, Fourth District.
June 13, 1984.
*978 Richard A. Sherman of Law Offices of Richard A. Sherman, Fort Lauderdale, for appellants.
Walter G. Campbell, Jr., of Krupnick & Campbell, P.A., Fort Lauderdale, for appellees.
DOWNEY, Judge.
Appellants, Mr. and Mrs. Smiley, and their insurance carrier, were defendants in a personal injury action arising out of an accident between the Smileys' automobile and a motorcycle driven by appellee, Charles McCallister. Appellants have filed this appeal from a final judgment in favor of appellees and from a denial of appellants' motion for new trial and motion to interview one of the jurors.
During voir dire examination of the prospective jurors both counsel interrogated the jurors regarding involvement of their families or relatives in automobile accidents. Several of the prospective jurors acknowledged that family members or relatives had been so involved and defense counsel interrogated them further regarding that experience and its effects, if any, upon the particular juror. During all of this examination one of the prospective jurors ultimately accepted for jury service, Ms. Lopez, never acknowledged any incidents involving her family or relatives. After the jury returned a verdict for plaintiff-appellees and the court entered judgment in accordance with that verdict, appellants filed a motion for a new trial and a motion to interview Ms. Lopez, alleging that after the verdict was published Ms. Lopez advised one of the plaintiffs in the presence of defense counsel that her son-in-law had been involved in the same type of accident. It was alleged that, had defense counsel known that during jury selection, he might well have excused Ms. Lopez. The motions were denied and that order of denial forms the basis of this appeal.
Concealment of a material fact relevant to the issues in the case by a juror during voir dire examination is prejudicial to the interrogating parties and impairs a party's right to challenge jurors. Loftin v. Wilson, 67 So.2d 185 (Fla. 1953), and other cases cited at 38 Fla.Jur.2d, New Trial, § 20. In a case of this nature similar accidents and injuries in which other relatives and family members of prospective jurors have been involved are of utmost interest to the parties for it can have a strong influence on a juror's approach to the resolution of litigation arising out of such accidents. This truism no doubt could be found on page one of a primer for freshmen trial lawyers. Ms. Lopez's motives in not disclosing such information, if in fact the allegation that she did not is true, is of no consequence. The verdict could well have been fatally infected by such omission. Thus, the refusal to grant appellants' motion for a jury interview is reversible error. It does not suffice for appellees to point out that none of the other jurors who acknowledged family accidents were stricken from the venire. Who knows what further inquiry of Ms. Lopez would have divulged *979 had counsel been afforded the opportunity to develop the point with Lopez?
Accordingly, we reverse the order denying the motion for a jury interview and direct the trial court to enter an an order providing therefor. We also reverse the order denying the motion for new trial and direct that further ruling on said motion be held in abeyance pending the outcome of the interview.
REVERSED AND REMANDED, with directions.
ANSTEAD, C.J., and DELL, J., concur.