537 So.2d 1100 (1989)
INDUSTRIAL FIRE AND CASUALTY INSURANCE COMPANY, Appellant/Cross Appellee
v.
James R. WILSON, Appellee/Cross Appellant,
Gerald Earl SKISLAK, Appellant/Cross Appellant,
v.
James R. WILSON, Appellee.
Nos. 86-2819, 87-0609, 86-2906 and 87-0482.
District Court of Appeal of Florida, Third District.
January 31, 1989.
*1101 Fazio, Dawson, DiSalvo & Cannon, and Marcia E. Levine, Ft. Lauderdale, for appellant/cross appellee.
Jeanne Heyward, Miami, for appellant/cross appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Miami, for appellee/cross appellant.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
James R. Wilson was injured in March of 1979 while standing near an intersection in Homestead, Florida. He was struck by a vehicle which was driven by Gerald R. Skislak, and which was insured by Industrial Fire and Casualty Insurance Company. Skislak was travelling east on Southwest 216th Street when a phantom vehicle travelling in the opposite direction suddenly turned south (left) in front of him. Skislak tried to avoid an accident by turning north, but lost control of his vehicle and ran off the roadway and hit Wilson.
Consequently, Wilson filed a lawsuit against Skislak and Industrial Fire. The issues in that case were tried before a jury, resulting in a verdict in favor of Wilson in the amount of $200,000.00. Skislak and Industrial Fire appealed, with the appeal resulting in a reversal and the case being remanded for a new trial due to inappropriate remarks made by Wilson's attorney during the trial. Skislak v. Wilson, 472 So.2d 776 (Fla. 3d DCA 1985).
Accordingly, the case was retried, resulting in a verdict in favor of Wilson in the amount of $500,000.00. Skislak and Industrial Fire each moved for a Judgment Notwithstanding the Verdict or, in the alternative, New Trial or Remittitur, which motions were denied. The trial court granted Industrial Fire's renewed motion to limit the judgment against it to the amount of its policy limits, to-wit: $10,000.00. The trial court then entered a final judgment in favor of Wilson and against Skislak and Industrial Fire, jointly and severally, for $10,000.00 (the policy limits), and against Skislak alone for $484,900.00. Skislak and Industrial Fire appealed the final judgment in a timely manner.
Thereafter, Industrial Fire discovered that the jury foreperson in the second trial had concealed the existence, and nature, of his insurance history with Industrial Fire. Skislak and Industrial requested the appellate court to relinquish jurisdiction so that the matter could be raised in the trial court. That request was granted and Skislak and Industrial Fire filed their motion in the trial court seeking relief from the judgment. That motion was denied. Skislak and Industrial Fire then appealed the denial of that motion. Wilson, joined by Skislak, cross-appealed the trial court's order limiting the final judgment against Industrial Fire to the policy limits. All appeals were consolidated herein.
Appellants Skislak and Industrial Fire raise four main points on appeal, contending that any one of them, considered individually, would entitle them to a reversal and a new trial. These four points may be summarized as follows:

*1102 I. The trial court committed reversible error in refusing to instruct the jury on the "sudden emergency" doctrine;
II. The trial court erred in denying Skislak's and Industrial Fire's Motion for Relief From Judgment where, after the second trial, it was learned that, in response to voir dire questioning concerning any prior contact with Industrial Fire, the gentleman who subsequently became the jury foreperson had "concealed" his insurance history with Industrial Fire. Skislak and Industrial Fire maintained that if the juror's insurance history had been known, they would have been in a position to either ask the court to excuse the juror "for cause" or they would have excused him peremptorily. In addition, they would have been in a position to, at the very least, inquire further of the prospective juror concerning his insurance history and his prior relationship with Industrial Fire;
III. The trial court erred in denying Skislak's and Industrial Fire's motions for mistrial and for new trial where Wilson's attorney allegedly committed prejudicial error by improperly commenting to the jury, during both voir dire and closing arguments, about the jury's racial, religious, ethnic and occupational composition, which comments Skislak and Industrial Fire contend were intended to curry favor with the jury;
IV. The amount of the verdict is excessive considering the fact that the verdict in the second trial was more than twice the amount of the verdict in the first trial, even though both trials involved substantially the same evidence.
We agree that the issues raised by appellants' second point (concerning the issue of juror concealment) require a reversal and a new trial.
During voir dire, Industrial Fire's trial counsel carefully posed questions designed to discover whether any of the prospective jurors had any knowledge of, or relationship with, his client. Specifically, the panel was asked the following questions by Industrial Fire's attorney:
"And his insurance company  which is a party in this lawsuit  is Industrial Fire and Casualty Insurance Company.
Do any of you recognize that company's name? Do any of you have any policies with that company or have you worked with that company or have you had any claims with that company?"
* * * * * *
"Now, one of the defendants in this case is Industrial Fire and Casualty Insurance Company.
Does anybody on this panel have any type of a feeling one way or another against an insurance company? Be candid with us. Oftentimes people have problems with insurance companies. They file a claim, they weren't paid promptly, they maybe got less than they thought they should have gotten.
Tell us now because it's important to my client to know now before you sit as a prospective juror as to whether or not you are going to give Industrial Fire a fair shake in this case.
Nobody is raising their hands and nobody is saying they've had any problem with an insurance company, so by your not telling me now, can I fairly and safely assume you're going to give them the same consideration as you will to Mr. Wilson? Is that fair?
You're all nodding your heads, yes. All right."
Industrial Fire learned after the trial that juror Norbert Perets (who was the jury foreperson) had been insured by Industrial Fire from December 8, 1978 to December 8, 1979 and had renewed his policy from December 8, 1979 to December 9, 1980. Perets reported to Industrial Fire that he had been involved in an accident on January 31, 1980, and claimed benefits under his policy with them. Industrial Fire denied the claim because the accident resulted in property damage only (with no personal injuries) while Perets only had a P.I.P. policy, not a liability, comprehensive or collision coverage policy of insurance. Perets did not renew his insurance policy with Industrial Fire after the denial of his claim.
*1103 At the hearing held by the trial court in connection with Skislak's and Industrial Fire's Motion for Relief From Judgment, Industrial Fire's attorney argued that defendants could have excused Perets peremptorily or asked the court to do so for cause if the defendants had known of Perets's insurance history.
A case will be reversed because of a juror's nondisclosure of information when the following three-part test is met: "(1) the facts must be material; (2) the facts must be concealed by the juror upon his voir dire examination; and (3) the failure to discover the concealed facts must not be due to the want of diligence of the complaining party." Perl v. K-Mart Corp, 493 So.2d 542, 542 (Fla. 3d DCA 1986).
Clearly, these requirements were met in the present case. The record reflects that Perets concealed the following facts: (1) that he had been insured by Industrial Fire; (2) that he had filed a claim with Industrial Fire; (3) that Industrial Fire had denied his claim for property damage, since he only had a P.I.P. policy; and (4) that after Industrial Fire denied his claim for benefits, he did not renew the insurance policy that he had with Industrial Fire.
We find the juror's concealment to be material. If Skislak and Industrial Fire had known of Perets's insurance history with Industrial Fire, they would have been in a position to ask further questions relating to Perets's relationship with, and feelings towards, Industrial Fire. However, because of Perets's concealment, they were prevented from considering whether to ask further questions of Perets concerning Industrial Fire or from having Perets excused from the jury panel, either for cause or peremptorily.
Finally, it is clear on the face of the record that neither Industrial Fire nor Skislak is to blame for not discovering the concealed facts concerning Perets's relationship with Industrial Fire. To the contrary, the questioning by Industrial Fire's trial counsel, as reflected above, earnestly attempted to discover the very type of information that juror Perets chose to conceal. Unfortunately, the efforts of Industrial Fire's trial counsel to secure a fair and impartial jury were thwarted by the concealment.
For the foregoing reasons, we conclude that Perets's concealment of material facts in response to questions posed to him on voir dire deprived the defendants of a fair and impartial trial. See Loftin v. Wilson, 67 So.2d 185 (Fla. 1953) and Redondo v. Jessup, 426 So.2d 1146 (Fla. 3d DCA), rev. denied, 434 So.2d 887 (Fla. 1983). Cf. Blaylock v. State, 537 So.2d 1103 (Fla. 3d DCA 1988) (wherein a juror disclosed the fact that he had been held hostage, but defendant's trial counsel made a tactical decision to intentionally refrain from pursuing the line of questioning concerning that subject).
In view of the fact that appellants' other points on appeal have been rendered moot by virtue of the foregoing, we do not address them herein. Accordingly, the Final Judgment entered in this cause is hereby reversed, and this cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.