562 So.2d 848 (1990)
Rosa J. BERNAL and Jose M. Bernal, Appellants,
v.
Donald H. LIPP, D.P.M., and Donald H. Lipp, D.P.M., P.A., Appellees.
No. 89-2230.
District Court of Appeal of Florida, Third District.
June 19, 1990.
Hinshaw, Culbertson, Moelmann, Hoban & Fuller, and John E. Herndon, Jr., Miami, for appellants.
Levine & Lygnos, and Arthur Joel Levine and Rick Silverman, Fort Lauderdale, for appellees.
*849 Before COPE, GERSTEN and GODERICH, JJ.
COPE, Judge.
Rosa and Jose Bernal appeal an adverse final judgment in their action for professional negligence against appellee Donald Lipp. After trial, the Bernals submitted a motion to interview one juror under Rule 1.431(h), Florida Rules of Civil Procedure, and a motion for new trial, contending that the juror had failed to disclose, when asked on voir dire, that he had previously been a defendant in a personal injury action. The trial court initially granted the motion for juror interview. Subsequently, the trial court reversed itself, denied the juror interview, and eventually denied the motion for new trial.
Based on the criteria set forth in Industrial Fire & Casualty Ins. Co. v. Wilson, 537 So.2d 1100, 1103 (Fla. 3d DCA 1989); Smiley v. McCallister, 451 So.2d 977, 978-79 (Fla. 4th DCA 1984); and Minnis v. Jackson, 330 So.2d 847 (Fla. 3d DCA 1976), the Bernals have made a sufficient showing to be entitled to the juror interview. The trial court should have allowed the juror interview in order to permit the Bernals to make their record in support of that part of their motion for new trial. We therefore reverse. At the present stage we do not say that the Bernals are entitled to a new trial, but only that they are entitled to the interview pursuant to Rule 1.431(h), after which the motion for new trial will be ripe for determination.
Since there must be further proceedings below, we comment on a dispute which arose regarding the procedure to be employed for the juror interview. The trial judge indicated that he wished to interview the juror in chambers, without counsel and without a court reporter. The Bernals objected, and the objection was well taken.
Rule 1.431(h) allows the court to "prescribe the place, manner, conditions, and scope of the interview." While the rule allows the trial court broad discretion, it must be read against Rule 2.070(a), Florida Rules of Judicial Administration, which provides in part, "Any proceeding shall be reported on the request of any party." See also Applegate v. Barnett Bank, 377 So.2d 1150, 1151-52 (Fla. 1979).
Rule 1.431(h) also provides the trial court discretion regarding the manner in which the interview will be conducted. Thus, the trial court may in its discretion permit counsel to ask questions, see Minnis v. Jackson, 330 So.2d at 848, or the trial court may conduct the examination. See Preast v. Amica Mut. Ins. Co., 483 So.2d 83 (Fla. 2d DCA), review denied, 492 So.2d 1334 (Fla. 1986). While the trial court had the discretion to choose the latter procedure, we see no basis on this record on which to exclude counsel. See United States v. Posner, 644 F. Supp. 885, 885-88 (S.D.Fla. 1986), aff'd, 828 F.2d 773 (11th Cir.1987), cert. denied, 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988); accord Kociemba v. G.D. Searle & Co., 707 F. Supp. 1517, 1539-40 n. 24 (D.Minn. 1989). See generally Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).
We therefore reverse and remand for further proceedings consistent herewith.