580 So.2d 315 (1991)
Rosa J. BERNAL and Jose M. Bernal, Appellants,
v.
Donald H. LIPP, D.P.M. and Donald H. Lipp, D.P.M., P.A. Appellees.
No. 90-2786.
District Court of Appeal of Florida, Third District.
May 28, 1991.
*316 Hinshaw & Culbertson, and John E. Herndon, Jr., Miami, for appellants.
No appearance for appellees.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
Plaintiffs Rosa and Jose Bernal appeal an adverse final judgment and assign as error the denial of their motion for new trial. We reverse.
Plaintiffs sued appellee Donald Lipp, alleging medical negligence. During voir dire examination by plaintiffs' counsel, the potential jurors were asked collectively if they had sued someone or had been sued, or had been a plaintiff or defendant in a lawsuit. For each of the jurors responding affirmatively, plaintiffs' counsel asked questions to ascertain the particulars. Potential juror Alberto Parejo remained silent and did not indicate that he had been a defendant in any lawsuit. In addition, on the juror questionnaire which Parejo completed, he answered in the negative the question whether he or any member of his family ever had a claim for personal injury made against them. See Fla.R.Civ.P. Form 1.984.
Juror Parejo was a member of the jury, which returned a defense verdict. Subsequent to verdict, plaintiffs learned that juror Parejo had previously been a defendant in a personal injury lawsuit. Plaintiffs moved for a new trial on the basis that the jury had been improperly constituted.
A juror interview was ultimately conducted. See Bernal v. Lipp, 562 So.2d 848, 849 (Fla. 3d DCA 1990). At that time it was ascertained that juror Parejo had indeed been a defendant in an automobile accident case approximately one year prior to the trial of the instant case. The juror explained that the prior case had been a minor automobile accident which was covered by insurance and had been settled by the insurance company. He explained that he did not interpret either the questionnaire or the oral question as calling for an affirmative answer, given the minor nature of the prior litigation. It is clear that the trial court believed the juror's explanation was truthful and that there had been no intentional withholding of information at voir dire. The trial court denied the motion for new trial.
The applicable test is:
A case will be reversed because of a juror's nondisclosure of information when the following three-part test is met: `(1) the facts must be material; (2) the facts must be concealed by the juror upon his voir dire examination; and (3) the failure to discover the concealed facts must not be due to the want of diligence of the complaining party.'
Indus. Fire & Casualty Ins. Co. v. Wilson, 537 So.2d 1100, 1103 (Fla. 3d DCA 1989) (citation omitted).
The test is met in this case. For a plaintiff in a personal injury case, the failure of a juror to disclose that he had been a defendant in a personal injury case one year previously would be material. Smiley v. McCallister, 451 So.2d 977, 978-79 (Fla. 4th DCA 1984).
As to the second prong of the test, the information was concealed from counsel, as a result of which counsel lost "the right to make an intelligent judgment as to whether a juror should be challenged... ." Minnis v. Jackson, 330 So.2d 847, 848 (Fla. 3d DCA 1976). Since the information was squarely asked for and was not provided, this branch of the test is satisfied. See Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379, 382 (Fla. 2d DCA 1972), cert. denied, 275 So.2d 253 (Fla. 1973). Although the juror did not intend to mislead plaintiffs' counsel, the omission nonetheless prevented counsel from making an informed judgment  *317 which would in all likelihood have resulted in a peremptory challenge.
As to the final branch of the test, in this instance the plaintiffs' counsel made careful and diligent inquiry of each of the jurors regarding any prior experience in litigation, whether as a party or otherwise. Cf. Taylor v. Public Health Trust of Dade County, 546 So.2d 733, 734 (Fla. 3d DCA) (where juror gave ambiguous answer and no further inquiry was made on voir dire, there was insufficient due diligence shown to warrant new trial), review denied, 557 So.2d 867 (Fla. 1989).
Reversed and remanded for new trial.