627 So.2d 531 (1993)
Marcos A. ZEQUEIRA, M.D., Appellant,
v.
Lourdes DE LA ROSA, as Personal Representative of the Estate of Manuel De La Rosa, deceased, Appellee.
No. 91-2909.
District Court of Appeal of Florida, Third District.
November 9, 1993.
Rehearing Denied January 5, 1994.
Stephens, Lynn, Klein & McNicholas, Philip D. Parrish and Marlene S. Reiss, Miami, for appellant.
Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno, Herman J. Russomanno, and Michele A. Maracini, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
The defendant Dr. Zequeira won a jury verdict in his favor in a medical malpractice action. He now appeals from an order granting the plaintiff a new trial on the grounds of juror misconduct during voir dire examination. We reverse.
The order below was based on the fact that juror Edmonson, the foreman, had not responded to inquiries in voir dire about prior "lawsuits,"[1] although, as was revealed *532 by the appellee's motion for a new trial, he had been a party in six cases, involving debt collections and the dissolution of his marriage.[2] But none of them had anything to do with the issues in the trial below. Moreover, because the motion was granted without a prior interview, it is not known whether Edmonson even heard the questions, much less understood them to require (if they really did) answers as to matters which were so foreign to the case being tried. Thus, in sharp contrast to such cases as Perl v. K-Mart Corp., 493 So.2d 542 (Fla. 3d DCA 1986),[3] and Bernal v. Lipp, 580 So.2d 315 (Fla. 3d DCA 1991),[4] the record does not show either that the juror deliberately concealed anything at all during voir dire or, even more obviously, that what he did not say was relevant to his ability to be fair and impartial in this particular case. Hence, neither of the first two requirements  materiality and actual concealment  of the test stated in Schofield v. Carnival Cruise Lines, Inc., 461 So.2d 152 (Fla. 3d DCA 1984), pet. for review denied, 472 So.2d 1182 (Fla. 1985),[5] *533 was satisfied.[6]
The motion for new trial  upon which, with its supporting affidavits, the plaintiff solely relied below  was therefore insufficient as a matter of law and should have been denied outright. As in the strikingly similar case of Skopit v. Neisen, 616 So.2d 505 (Fla. 3d DCA 1993),
[t]he asserted juror misconduct, if true, was not material to this case, and, thus did not warrant a new trial. See Blaylock v. State, 537 So.2d 1103 (Fla. 3d DCA 1988), review denied, 547 So.2d 1209 (Fla. 1989).
Skopit, 616 So.2d at 505.
For these reasons the order below is reversed and the cause remanded with directions to enter judgment for the defendant on the jury verdict.
Reversed.
GERSTEN, J., concurs.
BASKIN, Judge (dissenting).
I am unable to agree with the majority's conclusion that the trial court abused its broad discretion in granting the motion for new trial. Instead, I would hold that the three-part test enunciated in Bernal v. Lipp, 580 So.2d 315 (Fla. 3d DCA 1991) was satisfied and would affirm the trial court's decision.
Here, as in Bernal, the juror's involvement in six prior lawsuits as both defendant and plaintiff is material. He was a defendant in five prior lawsuits brought by creditors; his involvement may well have affected his point of view in this action. Moreover, in view of the juror's involvement in so many lawsuits, it is difficult to believe he simply did not think the questions posed by counsel applied to him. Bernal should not be viewed as distinguishable from this case on the ground that this juror's involvement was not in a personal injury action:[1] A person involved in prior litigation may sympathize with similarly situated litigants or develop a bias against legal proceedings in general. In these circumstances, counsel must be permitted to make an informed judgment as to the prospective juror's impartiality and suitability for jury service.
The concealment prong of the test was also met in this case: the juror failed to respond truthfully to counsel's questions concerning his litigation participation. See Industrial Fire & Casualty Ins. Co. v. Wilson, 537 So.2d 1100 (Fla. 3d DCA 1989). As the trial court stated in its order, "[t]he courtroom is quite small and Plaintiff's attorney was standing no more than 5 feet away from the jury panel." There were several questions regarding involvement in prior lawsuits including whether the jurors were involved in "a commercial dispute where you have been involved as a litigant." There is no record basis supporting a conclusion that the juror did not listen to or hear any of counsel's questions.[2] Assuming, arguendo, that the juror had no intention of misleading counsel, "the omission nonetheless prevented counsel from making an informed judgment  which would in all likelihood have resulted in a peremptory challenge." Bernal, 580 So.2d at 316-17. The majority's holding that a juror's failure to answer counsel's question does not *534 constitute concealment precludes collective questioning of jurors and will compel attorneys to obtain individual oral or written responses in order to fulfill the concealment prong of the Bernal test.
As for the due diligence branch of the test, I find counsel's efforts sufficient. The prospective jurors were questioned in different ways regarding involvement in prior lawsuits. The majority's holding would require counsel to question each juror individually and obtain a response. In addition, the majority mandates pre-verdict discovery of juror concealment even though Bernal does not require counsel to discover the concealed facts prior to the return of a verdict. Bernal, 580 So.2d at 316 ("Subsequent to verdict, plaintiffs learned that juror Paejol had previously been a defendant in a personal injury lawsuit.") (e.s.); Wilson, 537 So.2d at 1102 ("Industrial Fire learned after the trial that juror Norbert Perets (who was the jury foreperson) had been insured by Industrial Fire... .") (e.s.). I see no reason to extend Bernal's due diligence requirements and would not impose on counsel the onerous burden of investigating the venire during the trial.
Finally, I disagree with the majority's suggestion that counsel's investigation concerning information given during voir dire is a "disquieting practice," Op. at 533 n. 6, where, as here, a juror fails to reveal lawsuit participation. "It is the duty of a juror to fully and truthfully answer questions on voir dire, neither falsely stating any fact, nor concealing any material matter, since full knowledge of all material and relevant matters is essential to the fair and just exercise of the right to challenge either peremptorily or for cause." Loftin v. Wilson, 67 So.2d 185, 192 (Fla. 1953) (citations omitted). The juror in question was not "honestly perform[ing his] civic duty ...," Op. at 533 n. 6; a search of the public records is by definition not an "invasion of [a juror's] private affairs," id.; and the "disquieting" facet of such practice is the juror's failure to disclose the requested information, not counsel's efforts to seek the truth.
NOTES
[1] anyone on the panel themselves been involved in a lawsuit and let me ask it where you have brought the lawsuit, either you, a very close family member or a very close personal friend, whether it's been for personal injury, a commercial dispute where you have been involved in litigation?
Has anyone on this panel had such an experience before?
* * * * * *
Anyone else?
Okay. Has anyone ... been a defendant? Now I'm just going to reverse the question. Before the question was whether you have brought the suit as the plaintiff.
Has anyone been a defendant in a case, yourself, a very close family member or a very close friend? No one has been a defendant?
[2] The cases were referred to as follows in the motion:

1. Household Finance Corporation III v. Louis Edmonson, Case No. 90-16117 CC 05 (copy of the Default Final Judgment dated October 16, 1990 attached hereto as Exhibit A).
2. Eastern Financial Federal Credit Union v. Audrey Edmonson and Louis Edmonson, Case No. 89-49696(08) (copy of Default Final Judgment dated February 2, 1990 attached hereto as Exhibit B).
3. Mayor's Jewelers, Inc. v. Louis Edmonson, Case No. 89-14394-SP-28 (copy of Judgment of Dismissal dated August 20, 1990 attached hereto as Exhibit C).
4. Gars, Dixon & Shapiro, P.A. v. Louis Edmonson, and Audrey Edmonson, Case No. 88-5374-SP-25-A (copy of Default Final Judgment dated March 13, 1989 attached hereto as Exhibit D).
5. Audrey Moss Edmonson v. Louis Edmonson, Case No. 86-47647-FC-01 (copy of Judgment of Dismissal dated January 21, 1988 attached hereto as Exhibit E).
6. Ford Motor Credit Co. v. Louis Edmonson, Case No. 79-904122-SP-05 (Due to the age of this case, the records have been destroyed by the Office of the County Clerk).
In addition, Edmonson had apparently been the plaintiff in a 1978 personal injury case.
[3] the course of voir dire, counsel for Perl asked all the jurors, including Frank Bower, whether any of them had ever been party to a lawsuit either as a plaintiff or as a defendant. Bower responded that, in his capacity as a partial owner of an automobile company, his company had been sued once for improperly repairing a car. Bower did not recall any other involvement in litigation. After the trial concluded, counsel for Perl discovered that Bower and his automobile company had been involved in litigation at least twenty times and that he personally had been a plaintiff in a lawsuit brought by his condominium association against a developer.
... Bower's denial of personal involvement in any lawsuits and his extremely limited response with respect to lawsuits against his company involving personal injuries amount to a concealment of material facts.
Perl v. K-Mart Corp., 493 So.2d at 542 [e.s.].
[4] juror Alberto Parejo remained silent and did not indicate that he had been a defendant in any lawsuit. In addition, on the juror questionnaire which Parejo completed, he answered in the negative the question whether he or any member of his family ever had a claim for personal injury made against them. See Fla.R.Civ.P. Form 1.984.
Juror Parejo was a member of the jury, which returned a defense verdict. Subsequent to verdict, plaintiffs learned that juror Parejo had previously been a defendant in a personal injury lawsuit. Plaintiffs moved for a new trial on the basis that the jury had been improperly constituted.
A juror interview was ultimately conducted. See Bernal v. Lipp, 562 So.2d 848, 849 (Fla. 3d DCA 1990). At that time it was ascertained that juror Parejo had indeed been a defendant in an automobile accident case approximately one year prior to the trial of the instant case.
* * * * * *
For a plaintiff in a personal injury case, the failure of a juror to disclose that he had been a defendant in a personal injury case one year previously would be material. Smiley v. McCallister, 451 So.2d 977, 978-79 (Fla. 4th DCA 1984).
As to the second prong of the test, the information was concealed from counsel, as a result of which counsel lost "the right to make an intelligent judgment as to whether a juror should be challenged...." Minnis v. Jackson, 330 So.2d 847, 848 (Fla. 3d DCA 1976). Since the information was squarely asked for and was not provided, this branch of the test is satisfied. See Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379, 382 (Fla. 2d DCA 1972), cert. denied, 275 So.2d 253 (Fla. 1973). Although the juror did not intend to mislead plaintiffs' counsel, the omission nonetheless prevented counsel from making an informed judgment  which would in all likelihood have resulted in a peremptory challenge.
Bernal v. Lipp, 580 So.2d at 316-17 [e.s.].
[5] Florida, three requirements must be met in order to require a new trial in this situation:
"(1) a material (2) concealment of some fact by the juror upon his voir dire examination, and (3) the failure to discover this concealment must not be due to the want of diligence of the complaining party...." Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379, 380 (Fla. 2d DCA 1972) (emphasis in original), cert. denied, 275 So.2d 253 (Fla. 1973).
Schofield v. Carnival Cruise Lines, Inc., 461 So.2d at 154.
[6] There is also considerable doubt about the third condition. The information about Mr. Edmonson was compiled from a computer search of the public records obviously conducted by plaintiff's counsel only after the jury had found against him. This set of circumstances not only invites the question of why the investigation was not "diligently" conducted previously but, more significantly, presents the disquieting practice of exposing jurors, who have done nothing more than honestly perform their civic duty, to the invasion of their private affairs because they have had the temerity to find against a particular litigant.
[1] The fact that the juror had also been a plaintiff in a personal injury action supports the trial court's order. Plaintiff's counsel will probably follow up such disclosure with questions concerning the juror's satisfaction with the outcome of his case.
[2] The parties do not dispute the juror's involvement in the lawsuits. A juror interview is not a prerequisite to an order granting a new trial. E.g. Wilson, 537 So.2d at 1100.