PETERSON, Judge.
Harry S. and Margaret Gray, plaintiffs below, appeal the trial court’s denial of their motions for new trial and interview of a member of a jury. The jury returned a verdict finding no negligence on the part of the defendant in an automobile accident.
The juror that the Grays sought to interview was selected as foreman. During voir dire, the juror responded “no” to the question whether he had ever been a defendant in a lawsuit. The post-judgment motions were accompanied by an affidavit that a post-trial investigation had been conducted and that documents were discovered in Pennsylvania which indicated that there had been litigation against the juror. Certified copies of the documents were attached to the affidavits showing that the juror was named a defendant in two cases, one for an unpaid hospital bill and the other a mortgage foreclosure. Because the motion for juror interview, together with the affidavit and documents, indicate that the juror may have been untruthful during voir dire, the trial court abused its discretion by not allowing the interview to proceed pursuant to Rule 1.431(h), Florida Rules of Civil Procedure.
The most recent opinion of this court on juror interviews is Powell v. Allstate Insurance Company, 634 So.2d 787 (Fla. 5th DCA 1994). The en banc opinion made the follow *882 ing comment about untruthful responses during jury voir dire:
Historically and traditionally it has been the trial lawyer’s role and responsibility during voir dire to delve into the potential juror’s background and experiences in order to determine if the juror is likely to harbor any prejudice, bias or sympathy that might adversely affect the client’s interest. This, indeed, is where (and when) such inquiries should be made: “Do you tell or have you told racial or ethnic jokes?” If the juror answers “yes,” then the lawyer must decide whether to excuse him .or her because of a fear of prejudice or, because of other considerations such as memberships in favorable organizations or contributions to favorable causes, to believe that, on balance, the juror would be beneficial to the client’s cause. If the juror answers “no,” and lies, then a new trial would be justified because of the juror’s perjury.
Id. at 788. In the instant ease, the juror’s negative response to the question posed to him during voir dire may fit the example described in Powell.
In Bernal v. Lipp, 562 So.2d 848 (Fla. 3d DCA 1990), the trial court denied an interview of a juror when the plaintiff contended that the juror had failed to disclose, when asked on voir dire, that he had previously been a defendant in a personal injury action. The court reversed the trial court, holding that the plaintiffs had made a showing sufficient to entitle them to the juror interview. In doing so, the court applied the criteria set forth in Industrial Fire and Cas. Ins. Co. v. Wilson, 537 So.2d 1100, 1103 (Fla. 3d DCA 1989); Smiley v. McCallister, 451 So.2d 977, 978-79 (Fla. 4th DCA 1984); and Minnis v. Jackson, 330 So.2d 847 (Fla. 3d DCA 1976). We have applied those criteria to the instant ease and find a sufficient showing by the plaintiffs to warrant an interview of the juror to determine whether the juror gave appropriate responses to counsel’s questions.
We are aware that the trial court stated in the orders denying juror interview and new trial that Gray’s evidence was very weak and that the court would have directed a verdict on liability in favor of the defendant. However, the defense never sought a directed verdict; rather, the parties and the court submitted the case to the exclusive province of the jury. Both parties were entitled to a fair and impartial jury. The fairness and impartiality of that jury has now been placed in doubt.
The order denying the interview of the one juror is reversed and the cause remanded. The order denying the new trial is affirmed, but without prejudice to the Grays to renew the motion after the juror interview.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.