PER CURIAM.
Defendant American Medical Systems, Inc. (AMS) appeals a trial court order overturning a jury verdict in favor of AMS and ordering a new trial. We affirm.
Plaintiffs Richard and Linda Hoeffer brought this products liability action in 1991. During voir dire, counsel for the Hoeffers asked if anyone had been involved in prior litigation. A few veniremembers responded; potential juror Badgett did not. When subsequently asked by counsel for the Hoeffers whether she believed that there were cases that were legitimately brought, juror Badgett mentioned that she had been in court two or three times in a child-support matter, but that she would still be able to be fair and impartial. Later during the voir dire, counsel for AMS asked if there were a venire-member with experience in court as a party or a witness. Juror Badgett remained silent.
After a ten-day trial, the jury returned a verdict in favor of AMS. Shortly before entry of final judgment, it was discovered that juror Badgett had been a co-defendant in a debt-collection action, which resulted in her entering a consent to judgment in the amount of $45,000. The Hoeffers moved for a new trial. After a juror interview, the trial court granted the motion, finding that juror Badgett had failed to disclose her involvement in the debt-collection action.
A three-part test is used to determine whether a juror’s failure to disclose information during voir dire warrants granting a new trial. See De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995). “First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that *853 the failure to disclose the information was not attributable to the complaining party’s lack of diligence.” Id.
The trial court made precisely these findings. AMS, however, contends that rather than concealing her previous involvement as a litigant, juror Badgett merely failed to volunteer this information. We disagree. In response to the questions about prior litigation, juror Badgett did not disclose litigation resulting in a substantial judgment against her. “Assuming, arguendo, that the juror had no intention of misleading counsel, the omission nonetheless prevented counsel from making an informed judgment — which would in all likelihood have resulted in a peremptory challenge.” Id. at 242 (citation and internal quotation marks omitted).
Affirmed.