767 So.2d 1229 (2000)
Ethelene GARNETT, Appellant/Cross-Appellee,
v.
Raymond McCLELLAN, Appellee/Cross-Appellant.
No. 5D99-2558.
District Court of Appeal of Florida, Fifth District.
August 4, 2000.
Rehearing Denied September 11, 2000.
*1230 Michael P. Falkowski of Michael P. Falkowski, P.A., Daytona Beach, for Appellant/Cross-Appellee.
Roberts J. Bradford, Jr., of Wyatt & Tolbert, P.A., Daytona Beach, for Appellee/Cross-Appellant.
W. SHARP, J.
Ethelene Garnett appeals from an order granting a new trial to Raymond McClellan, the defendant below, in her personal injury action. The court granted the new trial because one of the jurors failed to disclose that he had been involved in an automobile accident. We agree with Garnett that the information was not material to jury service in this case. Accordingly we reverse the order granting a new trial and remand with instructions to reinstate the jury verdict in favor of Garnett.
In June 1997, Garnett's automobile was rear-ended by McClellan's automobile. In June 1998, Garnett filed suit against McClellan for the injuries she sustained in the collision. Jury selection for the trial began on April 12, 1999.
During jury selection, the trial judge explained that the attorneys for both sides would ask questions to determine if any prospective juror's decision might be influenced by personal experience or special knowledge. The judge also briefly described the case. Plaintiff's counsel told the prospective jurors that the case involved an automobile accident and discussed accidents and injuries suffered by the prospective jurors. Defense counsel also questioned the prospective jurors about any accidents in which they had been involved.
Numerous prospective jurors, not including James Sweeney, stated that they had been in automobile accidents. Neither side had any objection to Sweeney and he was ultimately selected as one of the jurors.
The jury returned a verdict in favor of Garnett for $20,426.52. McClellan filed a motion for new trial on several grounds, including possible juror misconduct. McClellan filed a motion to interview juror Sweeney, alleging that Sweeney may have been involved in an automobile accident which he failed to disclose during jury selection.
At the jury interview, Sweeney admitted that he had been involved in an accident at an intersection on July 7, 1998. According to Sweeney, there were no reports of injury and the insurance companies took care of the matter. Sweeney admitted that the other car had $10,000 to $12,000 in damages to its front hood and that its air bags deployed. Sweeney also had damage to the right rear of his automobile. Sweeney stated that his accident played no part in his decision in this case and that he did not recall any questions about accidents during jury selection.
In De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995), the Florida Supreme Court set forth a three-part test which must be considered in determining whether a juror's nondisclosure of information during voir dire warrants a new trial. The complaining party must establish that 1) the information is relevant and material to jury service in the case, 2) the juror concealed the information during questioning, and 3) the failure to disclose the information was not attributable to the complaining party's lack of diligence.
No "bright line" test for materiality has been established and materiality must be based on the facts and circumstances of each case. Leavitt v. Krogen, 752 So.2d 730 (Fla. 3d DCA 2000). Nondisclosure is considered material if it is substantial and important so that if the facts were known, the defense may have been influenced to peremptorily challenge the juror from the jury. James v. State, 751 So.2d 682 (Fla. 5th DCA 2000). See also De La Rosa (plaintiff entitled to a new trial where juror failed to disclose that he was a defendant in at least six lawsuits; juror may sympathize with defendants *1231 or develop a bias against legal proceedings in general and the omitted information prevented counsel from making an informed judgment which in all likelihood would have resulted in a peremptory challenge); Bernal v. Lipp, 580 So.2d 315 (Fla. 3d DCA 1991) (plaintiff entitled to a new trial where juror failed to disclose that he had been a defendant in a personal injury case one year previously); Industrial Fire & Cas. Ins. Co. v. Wilson, 537 So.2d 1100 (Fla. 3d DCA 1989) (defendant and his insurance company were entitled to a new trial where juror failed to disclose that he had been insured by the company and that the company had denied his claim for benefits); Mobil Chemical Co. v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983), rev. denied, 449 So.2d 264 (Fla.1984) (defendant was entitled to a new trial where juror concealed fact that she was related to plaintiff's family and had been represented by an attorney who had an interest in the case).
In this case, Garnett's lawsuit and the omitted information both involved automobile accidents. Thus the accident experience is relevant. However, there is nothing in the jury interview which suggests that the omitted information was material in the sense it would have caused Sweeney to be biased or sympathetic towards the plaintiff. Although Sweeney's accident was handled by the insurance companies, he admitted that he was at fault. Thus, in effect, he was in the position of being a potential "defendant," and it seems likely he would have been more sympathetic to the defense than to the plaintiff.
In addition, there is nothing to suggest that defense counsel would have used a peremptory challenge against Sweeney, even if Sweeney had disclosed the information. Defense counsel exercised peremptory challenges against three prospective jurors. One juror had a significant medical condition and was in pain; another juror had been in an automobile accident and his problems were not resolved; and the third was disabled from a fall. Defense counsel unsuccessfully sought to strike the alternate juror for cause; she injured her back in an automobile accident and had back problems from other causes. Defense counsel had no objection to one juror who had been in an automobile accident, but had not been injured. Thus defense counsel seemed only interested in striking jurors who were in pain or were still suffering from their accidents. In contrast, Sweeney was not injured in his accident.
In these circumstances, the trial judge abused his discretion in granting McClellan a new trial and denying Garnett the benefit of a favorable jury verdict. See James (prospective juror's failure to disclosure during voir dire that she had two close relatives who had been convicted of crimes was not material and did not warrant a new trial where defense counsel did not make further inquiry of other prospective jurors who had relatives who had been convicted of crimes and thus appeared to lack any interest in this matter); Ford Motor Co. v. D'Amario, 732 So.2d 1143 (Fla. 2d DCA), rev. granted, 743 So.2d 508 (Fla.1999) (plaintiffs in crash-worthiness case against Ford Motor Company were not entitled to a new trial where omitted information that one juror's employer used Fords in his business and that another juror's husband filed suit in a real estate transaction and for workers' compensation claims was not material).
McClellan cross-appeals, contending that the court below should have granted him a new trial because of allegedly improper comments by plaintiff's counsel during closing argument. McClellan failed to preserve this issue and the comments do not rise to the level of fundamental error which is required for a new trial. Tyus v. Apalachicola Northern R.R. Co., 130 So.2d 580 (Fla.1961); Fravel v. Haughey, 727 So.2d 1033 (Fla. 5th DCA 1999); Murphy v. International Robotics Systems, Inc., 710 So.2d 587 (Fla. 4th DCA), rev. granted, 722 So.2d 193 (Fla.1998). We *1232 also find no abuse of discretion in granting a directed verdict on the issue of causation.
REVERSED and REMANDED to reinstate the jury verdict.
SAWAYA, J., and ORFINGER, M., Senior Judge, concur.