778 So.2d 1077 (2001)
James BORNEMANN and BFI Waste Systems of North America, Inc., a Delaware corporation, Appellants,
v.
Wanda Lynn URE, and Kendrick L. Ure, husband and wife, and Dodge Ure, a minor and Jacob Ure, a minor, by and through their guardians and next of friends, Wanda Lynn Ure and Kendrick L. Ure, Appellees.
No. 4D00-1000.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
*1078 William G. Edwards of Marlow, Connell, Valerius, Abrams, Adler & Newman, Miami, for appellants.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for appellees.
KLEIN, J.
Defendants appeal a $13 million dollar judgment in an accident case. The primary argument they advance, and the only one we address, is that the trial court erred in denying their motion for new trial grounded on the claim that a juror, on voir dire, did not reveal that she had previously been a defendant in a lawsuit. We affirm.
On voir dire, the jurors were asked if they or family members had ever been a plaintiff or a defendant in a lawsuit. The juror in question responded that "no one in my family or that I know of has been a defendant or a plaintiff in a lawsuit." During his questioning of the jury, defense counsel stated:
Mr. Reiter [plaintiffs counsel] asked you and so did Judge Fine about lawsuits and I think you all told us about the lawsuits. I'm not going to ask you about lawsuits, I'm going to ask you about something different now, but if it was a lawsuit and you already answered, you don't have to raise your hand and tell me anything, and that is, has anyone made any claims for personal injury? That includes family members, good friends?
He later clarified, "when you talk about a lawsuit, that means that you file something at the courthouse. People make claims and don't file things at the courthouse." The juror in question, who became the foreperson, did not respond to this inquiry.
The defendants admitted liability for the rear-end collision and the trial, which lasted over two weeks, was on damages only. The jury awarded $11 million for Mrs. Ure, who was rendered a paraplegic, $1.5 million for Mr. Ure's consortium claim, and additional amounts for the Ures' children. Within ten days of the verdict, the defendants moved for a new trial and to interview the jurors. Attached was the affidavit of an individual who had called the Palm Beach County Clerk's Office after the verdict and learned that a juror had not revealed that she had been a defendant in an accident case filed in Palm Beach County in 1995. The trial court denied the motion to interview on the ground that the request was "way too late."
We use a three-part test to determine whether a juror's nondisclosure of information during voir dire warrants a new trial:
First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that it appeared that the juror *1079 concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence.
De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995).
We first address whether the juror concealed information. As a result of her accident, which occurred when she was sixteen years old, her driver's license was suspended. In addition, her deposition was taken in her lawsuit, and she attended mediation which resulted in a settlement. Based on the question asked prior to defense counsel's questions, and the events described above which occurred as a result of the accident, the defendants made a sufficient showing of concealment.
We next consider whether there was a lack of diligence by the defendants. In that regard, the third district, speaking through Judge Cope, recently stated:
The motion for new trial in this case is, at bottom, based on a review of the civil lawsuit index maintained by the clerk of the circuit and county court. It is a public record which was freely available before, during, and after this trial.
This court's concern is that the checking of the clerk's lawsuit index was not done until after the trial was over, when it could have been done sooner. This court has become aware that in at least two circuit courtrooms, the trial judge at the conclusion of jury selection will grant a recess if either of the parties wishes to check the litigation index before the trial proceeds. If it appears that any of the juror's names has turned up, then an inquiry can be conducted on the spot and the juror can be excused if need be. Plaintiff's counsel candidly disclosed that he had followed such a procedure in a recent trial in Key West. In our view, that is the better solution to the problem.
We therefore hold that the time to check the jurors' names against the clerk's lawsuit index is at the conclusion of jury selection. If a party does not request the opportunity to make the record search, then that litigant will not be heard to complain later about nondisclosure of information which could have been disclosed by reference to the clerk's index. [footnote omitted.]
Tejada v. Roberts, 760 So.2d 960, 966 (Fla. 3d DCA), rev. granted, No. SC00-1080, ___ So.2d ___ (Fla. Nov.13, 2000). On motion for clarification, the Tejada court appears to have limited its holding to cases in which the lawsuit records are local and easily accessible. Id. at 966, 967.
Although we are not adopting a hard and fast rule, we do agree with the concerns expressed by Judge Cope in Tejada, as well as those of Judge Sorondo in his concurring opinion in Birch ex rel. Birch v. Albert, 761 So.2d 355, 359 (Fla. 3d DCA 2000). See Silva v. Lazar, 766 So.2d 341, 343 (Fla. 4th DCA 2000)(citing Tejada and observing that failing to check the clerk's lawsuit index for jurors' names until after the verdict could be evidence of lack of diligence).
In the present case, in which the trial lasted over two weeks, and the lawsuit index at the courthouse could have been checked in a matter of minutes, we find no abuse of discretion in the trial court's denial of the motion to interview jurors and motion for new trial on the ground of lack of diligence. Garnett v. McClellan, 767 So.2d 1229, 1231 (Fla. 5th DCA 2000)(applying abuse of discretion standard of review to order granting new trial because of juror concealment of information).
Although it is unnecessary for us to address the first factor of De La Rosa, whether the concealed information is relevant and material to jury service in the case, no inference should be drawn from this opinion that we thought that this requirement was satisfied. It is normally the plaintiff, not the defendant, who is concerned about a juror who was formerly a defendant in a lawsuit. Garnett, 767 So.2d at 1231. And, as we noted earlier, *1080 this case was tried only on the issue of damages, which would make it even more unlikely that a former defendant would be biased against the defendant. We doubt that this concealment prevented defense counsel from making an informed judgment about whether to challenge this juror. De La Rosa v. Zequeira, 659 So.2d at 242.
We have considered the other issues raised by the defendant and find them to be without merit.
POLEN and SHAHOOD, JJ., concur.