929 So.2d 25 (2006)
Bruce Michael FREEDMAN and Delores Freedman, Appellant,
v.
Carlos DE LA CUESTA and Geico General Insurance Company, Appellee.
Nos. 3D04-1151, 3D04-1637.
District Court of Appeal of Florida, Third District.
March 22, 2006.
Rehearing Denied June 7, 2006.
*26 Lauri Waldman Ross, Miami; Julie A. Hager, Ft. Lauderdale, for appellant.
Clark, Robb, Mason, Coulombe, Buschman & Cecere and James K. Clark; Adams & Adams, LLP, and Joel V. Lumer, and Richard B. Adams, Jr., Miami, for appellee.
Before GREEN, RAMIREZ, and SHEPHERD, JJ.
PER CURIAM.
We affirm the final judgment entered against the plaintiffs in this personal injury, negligent driving case, finding no merit to either point raised on appeal. The record does not demonstrate any abuse of discretion in the trial court's admission of the expert's opinion and testimony. Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981). The plaintiffs knew about the expert, and were aware that she would testify. Moreover, the testimony was based on information listed in the expert's report. There can be no claim that this testimony came as a surprise to plaintiffs. Binger; Melrose Nursery, Inc. v. Hunt, 443 So.2d 441 (Fla. 3d DCA 1984). In view of the entire trial, we cannot conclude the court abused its discretion.
Additionally, the court did not abuse its discretion in denying the new trial motion based on juror non-disclosure. Roberts v. Tejada, 814 So.2d 334, 340 (Fla. 2002); State Farm Fire & Cas. Ins. Co. v. Levine, 875 So.2d 663, 666 (Fla. 3d DCA 2004). Here, there was no showing that the nondisclosure was "substantial and important" so that had the facts been known, plaintiffs would have exercised a peremptory challenge on the jurors. Roberts, 814 So.2d at 341.
Affirmed.