933 So.2d 671 (2006)
Cynthia G. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1851.
District Court of Appeal of Florida, First District.
July 13, 2006.
*672 Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Cynthia G. Williams appeals her convictions for the offenses of battery on a police officer and resisting arrest with violence, claiming that the lower court erred in denying her motion for new trial. In her motion for new trial, appellant alleged juror misconduct predicated on the juror's failure to disclose a relationship with the chief prosecuting witness. Although we agree with appellant that the trial court erroneously determined that no misconduct occurred because the concealment was not intentional,[1] we nonetheless affirm the denial of the motion for new trial.
Our standard of review of a trial court's order granting or denying a motion for new trial on the ground of juror misconduct is that of abuse of discretion. See State v. Hamilton, 574 So.2d 124, 126 (Fla. 1991). The rule applied by Hamilton in gauging whether a new trial should be granted for such reason is that the moving party must first establish actual juror misconduct, and, if such showing is accomplished, the movant is then entitled to a new trial unless the opposing party can demonstrate there is no reasonable possibility that the misconduct affected the verdict. Id. at 129. This test is similar to that for the grant of a juror interview, asking whether "the moving party has made sworn allegations that, if true, would require the court to order a new trial because the alleged error was so fundamental and prejudicial as to vitiate the entire proceedings." Power v. State, 886 So.2d 952, 957 (Fla.2004) (quoting Johnson v. State, 804 So.2d 1218, 1224 (Fla.2001)).
In our judgment, the lower court did not abuse its discretion in denying the motion for new trial because, assuming without deciding that misconduct occurred, there is no reasonable possibility that it was prejudicial to the defendant. Among other things, of the seven members of the venire who said they knew the prosecuting witness whom the juror in question incorrectly denied knowing, appellant, using all six of her peremptory challenges, peremptorily struck two of the seven, while the state, using five of its challenges, struck two. Thus, three jurors who answered truthfully that they knew the witness were selected to serve, including the alternate. Additionally, evidence of the actual commission of the offenses was overwhelming; the crimes were witnessed by a number of law-enforcement and correctional officers at the scene, and their commission was denied only by the testimony of the defendant.
AFFIRMED.
ERVIN, PADOVANO, and HAWKES, JJ., concur.
NOTES
[1] See Roberts ex rel. Estate of Roberts v. Tejada, 814 So.2d 334, 343 (Fla.2002) ("[A] juror's nondisclosure need not be intentional to constitute concealment.").