960 So.2d 41 (2007)
Sandra SHOAF and James Shoaf, etc., Appellants,
v.
Michael GEILING, D.O., Appellee.
No. 5D05-3384.
District Court of Appeal of Florida, Fifth District.
June 1, 2007.
Rehearing Denied July 18, 2007.
*43 Jay M. Levy, of Jay M. Levy, P.A., Miami, and John Elliott Leighton, Patricia M. Kennedy and Mark A. Sylvester, of Leesfield, Leighton & Partners, Miami, and John Fisher and Lora Dunlap of Fisher, Rushmer, Werenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellant.
Mark Hicks and Dinah S. Stein, of Hicks & Kneale, P.A., Miami, and Thomas Dukes, of McEwan, Martinez & Dukes, Orlando, and Pierre J. Seacord of Ringer, Henry, Buckley & Seacord, P.A., Orlando, for Appellee.
PER CURIAM.
Sandra and James Shoaf, individually and as next friends of their daughter, Raven Shoaf, (collectively referred to as "the Shoafs"), appeal an Order Granting Motion for New Trial in the underlying medical malpractice action. Although we are reluctant to have a three week trial retried, the trial court's ruling on such a motion will not be disturbed in the absence of a clear showing of abuse of discretion. The trial judge is better positioned to fully comprehend the processes by which ultimate decisions are made by the jury. Appellate courts must defer to the superior vantage point of the trial judge. If reasonable judges could differ as to the propriety of the action, then the action is not unreasonable and hence no discretion is abused. We simply conclude there was no abuse of discretion by the trial court. Accordingly, we affirm.
In that our decision may result in another trial, we feel compelled to comment on several issues which surfaced during the trial in the hope that the trial court and the parties may avoid or better deal with them on retrial.
In closing argument, the Shoafs' attorney played several portions of various witnesses' videotaped deposition testimony. Although the content of most of the video clips was previously relayed to the jury in the form of impeachment, the video clips were not previously shown to the jury prior to closing argument. In addition, the content in one of the clips had not even been presented at all, as impeachment or otherwise. The trial court concluded that showing the jury this particular video clip resulted in prejudicial error and granted a new trial. We have concluded that the trial judge did not abuse his discretion in reaching this conclusion.
More broadly however, we believe that allowing a party to play any videotaped deposition testimony that has not previously been admitted into evidence in that form is error. At trial, the Shoafs' attorney contended that showing video clips of deposition testimony used as impeachment "wouldn't be any different than if we read it to them during the case and now we wanted to show it to them." We disagree. Impeaching witnesses by reading their deposition testimony to them and later showing a videotape of their deposition testimony are two very different things. A videotape not only shows the testimony, but also the witness's demeanor, tone of voice and body language. In essence, the Shoafs' attorney was allowed to introduce for the first time in closing argument, substantive evidence in the form of videotaped deposition testimony. This procedure is improper. While counsel may comment on or read to the jury matter that forms part of the record at trial, counsel may not show the jury evidence which was not introduced at trial.
The trial court admitted Nurse Cloaninger's alleged hearsay statement regarding when Mrs. Shoaf's uterine rupture occurred. This hearsay testimony was improper and well could have resulted in a *44 mistrial because it directly contradicted Dr. Geiling's testimony that it was not possible for him to have diagnosed the uterine rupture in time to perform a Cesarean.
Another evidentiary issue requires comment. The Shoafs called several nurses to testify who had been in the delivery room during all or part of Raven's birth. The nurses were permitted to testify about post-delivery conversations amongst themselves regarding concerns they had about the events that had happened during Raven's delivery. This was improper, irrelevant, and much of it was hearsay. On retrial, such testimony should be omitted, except as may be appropriate for impeachment.
Finally, the jury awarded Mrs. Shoaf damages for pain and suffering and loss of earning capacity. It also awarded Mr. Shoaf damages for loss of consortium. There are two problems with these awards. First, the Shoafs' attorney told the jury in his opening statement that the parents were not seeking any damages for themselves. We caution counsel that such comments may be construed as waiving such damages. Second, the damages for Mrs. Shoaf's loss of earning capacity and Mr. Shoaf's loss of consortium were not supported by competent, substantial evidence.
AFFIRMED.
PLEUS, C.J., and EVANDER, J., concur.
ORFINGER, J., concurs and concurs specially, with opinion.
ORFINGER, J., concurring and concurring specially.
I concur in the court's opinion, but write separately to comment on the trial judge's decision to allow counsel to play portions of video depositions to the jury during closing arguments. As this case demonstrates, the practice can be very dangerous when as here, the wrong material is shown to the jury. Further, the practice seems to run contrary to the premise that closing argument is an opportunity for counsel to comment on the evidenceit is not supposed to be an instant replay.