994 So.2d 426 (2008)
Lisa C. FINE, as Personal Representative of the Estate of Cory Fine, Appellant,
v.
SHANDS TEACHING HOSPITAL AND CLINICS, INC., Appellee.
No. 1D07-6071.
District Court of Appeal of Florida, First District.
October 29, 2008.
*427 Frank A. Ashton and Kevin W. Moore, Jacksonville, for Appellant.
Susan L. Kelsey of Kelsey Appellate Law Firm, P.A., Tallahassee, and S. William Fuller, Jr., of Fuller, Mitchell, Hood & Stephens, LLC, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Lisa C. Fine, as Personal Representative of the Estate of Cory Fine, her late husband, appeals the order denying her motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial, which was based on two jurors' nondisclosure of their litigation history during voir dire. Appellant argues in part that the trial court erred in focusing on whether the jurors were actually biased in this case when addressing the materiality of the nondisclosures. We agree with Appellant and, therefore, reverse the order and remand for reconsideration.
Following a jury trial in Appellant's medical malpractice case against Appellee, Shands Teaching Hospital and Clinics, Inc., in which the jury found in Appellee's favor, Appellant moved to interview the jurors and for a judgment notwithstanding the verdict, or in the alternative, for a new trial based upon the jurors' nondisclosures. After the jurors' interviews, the trial court denied Appellant's motion. In doing so, the court set forth in part:
[I]f I was to grant the plaintiff's position that the law is that you may have exercised a challenge, that, in and of itself, would be sufficient to grant a new trial, then I believe we ignore the fact that my conclusion is that these jurors were not affected by their past experiences in carrying out their responsibilities in this particular case.
If I had any indication that there was any connection between their past experiences and their carrying out their responsibilities in this case, I would gladly grant the plaintiff an opportunity to retry the case.
....
Based upon what they said during the jury interview, I cannot find that their failure to disclose, in fact, influenced their deliberation and verdict in this ... matter.
As a consequence I'm going to deny the motion....
This appeal followed.
In determining whether a juror's nondisclosure of information during voir dire warrants a new trial, a three-part test is utilized: (1) whether the information is relevant and material to jury service in the case; (2) whether the juror concealed the information during questioning; and (3) whether the failure to disclose the information was not attributable to the complaining party's lack of diligence. De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995). We agree with Appellant that the trial court erred in focusing on whether or not it believed the jurors were biased when *428 deliberating this case rather than on what Appellant's counsel would have done during voir dire had the litigation history been disclosed. The supreme court has observed that materiality is "only shown where the `omission of the information prevented counsel from making an informed judgment-which would in all likelihood have resulted in a peremptory challenge.'" See Roberts ex rel. Estate of Roberts v. Tejada, 814 So.2d 334, 340 (Fla.2002) (citation omitted); see also McCauslin v. O'Conner, 985 So.2d 558, 561 (Fla. 5th DCA 2008) ("Omitted information has been considered relevant and material where it implies a bias or sympathy for the other side which in all likelihood would have resulted in the use of a peremptory challenge."); Companioni v. City of Tampa, 958 So.2d 404, 416 (Fla. 2d DCA 2007) (noting that the complaining party in a juror nondisclosure case need only establish the three parts of the De La Rosa test, not bias or prejudice in fact).
Accordingly, we REVERSE the order and REMAND the case for reconsideration under the De La Rosa three-part test.[*]
ALLEN, DAVIS, and BENTON, JJ., concur.
NOTES
[*] We note that the supreme court in Tejada cited Birch ex rel. Birch v. Albert, 761 So.2d 355 (Fla. 3d DCA 2000), for the proposition that materiality is only shown where the "`omission of the information prevented counsel from making an informed judgment-which would in all likelihood have resulted in a peremptory challenge.'" 814 So.2d at 340. However, the supreme court also cited Garnett v. McClellan, 767 So.2d 1229 (Fla. 5th DCA 2000), for the proposition that "`[n]ondisclosure is considered material if it is substantial and important so that if the facts were known, the defense may have been influenced to peremptorily challenge the juror from the jury.'" 814 So.2d at 341. While Appellant relies upon the "may have been influenced" standard, the supreme court in State Farm Fire and Casualty Co. v. Levine, 837 So.2d 363, 365 (Fla.2002), cited Tejada for the proposition that materiality is only shown "where the `omission of the information prevented counsel from making an informed judgment-which would in all likelihood have resulted in a peremptory challenge.'" As such, the "would in all likelihood" standard should be applied on remand.