FISHMAN, JANE D., Associate Judge.
Manuel Diaz appeals his conviction and sentence of one count of lewd and lascivious battery. We reverse and remand for a new trial, because the trial court erroneously denied Diaz’ challenge for cause to a potential juror.
During voir dire the assistant state attorney had the following exchange with a potential juror:
STATE: You take that oath. And when you take that oath, those of us who are involved in the case count on you to, to uphold that oath. Okay? And you’re taking an oath to follow the law. [D]o you think that it would be, think you would cheat justice if you didn’t follow the law?
Prospective Juror: No. You have to listen to Judge’s instructions and not form your own opinions.
STATE: Okay. And if, if, what if the Judge gave you an instruction on the law and you didn’t agree with it? Your own personal feeling is I don’t think the law should be that way but the Judge says it is.
Prospective Juror: Well, I would, I guess I could be impartial, yes.
STATE: Okay.
Counsel for Mr. Diaz followed up with the juror, who explained that she had previously sat as a juror and heard evidence in several cases, including a rape case, but that those cases had terminated before deliberations. The following exchange then took place:
DEFENSE: Okay. Something happened that you weren’t privy to, but you were dismissed.
*34 Prospective Juror: Exactly.
DEFENSE: Which, which is another important factor that I wanted to bring out. Do you understand the Judge is going to instruct you on the law and the law in a case like this will probably be handed to you to go to deliberate with so you can read the law and apply it to the facts and to the evidence so that you, you’re not expected to have that knowledge until you get in there. All right? And throughout the trial, [the State] was bringing up the point that the attorneys are going to be talking. We’re going to be talking throughout the trial and that’s our job and that is not evidence, it’s when we ask a question and we don’t get to respond. The Judge raised a rule on that too; right?
Prospective Juror: Uh-huh.
DEFENSE: Do you ever watch those shows where you hear objection and then, you know, the Judge will bring them up and scold them at the bench and then he’ll send them back? That happens in real life too. Not the scolding part. But, and the Judge makes rulings and then you’re not privy to that too sometime. Do you think you can set that aside and move on if the Judge were to disallow something that was asked?
Prospective Juror: I don’t, it’s hard, it’s hard to say.
DEFENSE: Okay. Well, let’s go back to when, when the, when [the State] was talking about the law and I think [another prospective juror] said that she would do what was in her heart and that she would follow what she believed; you remember? The law is in the books. The—
Prospective Juror: Uh-huh.
DEFENSE: — Judge is going to instruct you on the law. There’s certain things that happen in trial. The Judge is also going to instruct you, you are to disregard what the attorney just asked, that question that was just asked and answered, please don’t consider it in your deliberations.
Prospective Juror: I, I—
DEFENSE: That would be going along with what [other prospective juror] said that, that she may not be able to follow it if she didn’t agree with the law. If the Judge is doing his part and he’s instructing you not to do something like that, do you think you could follow the law as instructed or—
Prospective Juror: I understand—
DEFENSE: — (inaudible)?
Prospective Juror: — I understand as a juror that I would be expected to do that.
DEFENSE: Okay.
Prospective Juror: I might, I can guarantee you—
DEFENSE: Okay.
Prospective Juror: — I might not like it.
DEFENSE: Well, that’s what we’re to find out and everybody, we all know that everybody’s made up of something different and you have your own opinions and your own beliefs and your own thought and that’s kind of why we do jury selection. Otherwise if everybody had the same makeup and they came in here with the same rational thinking then, you know, we wouldn’t need this process because it takes every trial, every case has different facts. Everyone has different backgrounds. So that’s why we do this questioning, to find out who is best for this particular case. Are you saying regardless of the facts in evidence that if you thought something was said that you needed to consider and the Judge told you not to consider it, you think you’d have a hard time with—
*35 Prospective Juror: I would—
DEFENSE: — that?
Prospective Juror: — yes.
DEFENSE: Okay. So you don’t think you could be possibly be fair and impartial, possibly.
Prospective Juror: Possibly.
Thereafter, the trial judge advised the panel as follows:
THE COURT: Folks, let me give you an instruction about this so I could tell you what the law is regarding this so I can tell you what your role will be—
THE COURT: — so you may feel a little bit more comfortable about this. The legislature has decided what, what certain acts would be crimes and, and if its done its job, its job all of us in the courtroom will agree that committing a crime is of course a bad thing. You’re not disqualified from serving on a jury because you are bothered or against a certain type of crime. Indeed, it’s perfectly natural for you to have feelings about persons who commit crimes. I certain we would almost be in 100 percent agreement that we’re all against murder and robbery and burglary and theft and sexual assault and many other crimes against our fellow citizens. Again, that decision as to what behavior constitutes a crime has already been made by the legislature. If you’re selected on this jury, you’ll only have to make two decisions. One, was a crime committed, and secondly, was the defendant the person who committed the crime. That’s all you have to do. Knowing what your job will be, do you think, is there anybody that could not answer those two questions? Okay. All right. Thank you, folks.
No further questions were posed to the prospective juror, nor did she make any individual response to the trial judge or to either counsel. Defense counsel moved to strike the prospective juror for cause, which was denied, the trial court ruling that the prospective juror was restored because she did not volunteer that she had a problem after the court read the instruction quoted above. ’Defense counsel then exercised a peremptory challenge as to that juror. Thereafter, defense counsel sought an additional peremptory challenge to strike another juror, which request was denied. Thus, the claimed error has been properly preserved for our review. Trotter v. State, 576 So.2d 691, 698 (Fla.1990).
We review a trial court’s decision to deny a challenge for cause for an abuse of discretion. Lewis v. State, 931 So.2d 1034, 1039 (Fla. 4th DCA 2006). The test for juror competency is “whether the juror can lay aside any bias or prejudice and render” a verdict solely on the evidence presented and the instructions given. Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984). If there-is any reasonable doubt about a juror’s impartiality, the juror must be excused for cause. Carratelli v. State, 832 So.2d 850, 854 (Fla. 4th DCA 2002).
Here, looking at the juror’s entire voir dire, there is a reasonable doubt about her impartiality and it was manifest error for the trial court to deny the challenge for cause. While a juror who initially expresses bias in voir dire may be rehabilitated by further questioning, that did not happen here. The juror made it clear that although she knew what was expected of her, she was simply not sure that she could be fair and impartial and follow the court’s instructions. The doubts raised by her answers were never dispelled. Instead, the trial court gave all the prospective jurors a general instruction and asked if anyone could not do their job of determining whether a crime was committed and whether the defendant on trial com *36 mitted it. This prospective juror simply remained silent.
It is well settled that mere acquiescence will not erase a reasonable doubt as to a juror’s impartiality. Lewis, 931 So.2d at 1039. In Lewis, the prospective juror was repeatedly questioned by both counsel and the trial court, until the juror was able to apparently agree that he could put aside his concerns and be fair and impartial. In reviewing that juror’s entire voir dire examination, this court found that he had merely acquiesced to the trial court’s instructions and that there was a reasonable doubt that the juror could be fair and impartial. In contrast to the prospective juror in Lewis, the prospective juror in the instant case remained silent when the entire panel was asked if they could be fair and impartial. Here, there is not even the mere acquiescence this court found inadequate to dispel a reasonable doubt in Lewis. The prospective juror’s silence was inadequate to dispel the reasonable doubt created by her earlier equivocal response that she would have difficulty and could not be sure that she could be fair and impartial. See also Miles v. State, 826 So.2d 492 (Fla. 3d DCA 2002); Ferguson v. State, 693 So.2d 596 (Fla. 2d DCA 1997). Therefore, we find that the trial court committed manifest error by refusing to dismiss that juror for cause, and we reverse appellant’s conviction and sentence and remand for a new trial.

Reversed.

GROSS, C.J., and WARNER, J., concur.