BENTON, C.J.
Tromondo Tobias Bolling appeals the trial court’s denial of his motion for new trial. The motion alleged misconduct by a juror in not disclosing that he knew Meac-hell Randall, the defendant’s mother, and through her the defendant-or at least who the defendant was. We affirm the denial of the motion for new trial, because the motion makes no claim that the defense would have challenged the juror, if the juror had disclosed the relationship during voir dire.
The supreme court has laid out a three-part test for determining whether a juror’s nondisclosure of information during voir dire will warrant a new trial: “First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during *420 questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence.” De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995) (citing Sidles v. Ryder Truck Lines, Inc., 267 So.2d 379, 380 (Fla. 2d DCA 1972)). While De La Rosa is a civil case, the supreme court routinely applies its three-part test in criminal cases. See, e.g., Murray v. State, 3 So.3d 1108, 1121-22 (Fla.2009); Lugo v. State, 2 So.3d 1, 13-16 (Fla.2008); Bigham v. State, 995 So.2d 207, 215 (Fla.2008).
After a jury found him guilty of burglary of a conveyance with assault or battery and of robbery without a weapon, Mr. Bolling filed a motion for new trial, alleging that a juror, Ronald Maxwell, knew both Mr. Bolling and his mother, who had testified at trial for the defense, and that he had not disclosed the fact, although he was asked on voir dire. The motion alleged that the defendant’s mother rented her home from the juror or his wife, that the mother and the juror had been friends for years, and that they had talked about Mr. Bolling in the courthouse the morning of trial. Although it ultimately denied the motion for new trial, the trial court explicitly ruled that Mr. Bolling had satisfied all three elements of the De La Rosa test.
At an evidentiary hearing on the motion, the trial court found that Mr. Boll-ing did not recognize Mr. Maxwell, before the trial concluded. The trial court also credited Mr. Maxwell’s testimony that he did not recognize Mr. Bolling during voir dire or trial. But the trial court found that Mr. Maxwell knew who the defendant’s mother was, went to the same church she did, saw her in the courthouse cafeteria on the morning of trial, asked her why she was there, and learned she was there with her son. The trial court found that Mr. Maxwell did not disclose these facts to the trial judge, before the hearing on the motion for new trial, but that he did tell his fellow jurors, before deliberations began, that the defendant’s mother was a tenant in a house that his wife owned.
Like the trial court, we conclude that the appellant proved the second and third elements of the supreme court’s three-part test. The supreme court has made clear that “a juror’s nondisclosure need not be intentional to constitute concealment.” Roberts ex rel. Estate of Roberts v. Tejada, 814 So.2d 334, 343 (Fla.2002). In De La Rosa, the court adopted the dissenting opinion in Zequeira v. De La Rosa, 627 So.2d 531, 533-34 (Fla. 3d DCA 1993): “ ‘Assuming, arguendo, that the juror had no intention of misleading counsel, ‘the omission nonetheless prevented counsel from making an informed judgment-which would in all likelihood have resulted in a peremptory challenge.’ Bernal[v. Lipp, 580 So.2d 315, 316-17 (Fla. 3d DCA 1991) ].’ ” De La Rosa, 659 So.2d at 242. Cf. Wiggins v. Sadow, 925 So.2d 1152, 1154-55 (Fla. 4th DCA 2006) (concluding that juror did not conceal any information because she did not know of her relationship to plaintiff through his granddaughters until the verdict was read). As regards the third element, the fact findings ruled out the possibility that Mr. Bolling, the complaining party in the present case, even knew his mother was acquainted with one of the jurors, before the trial concluded.
The crux is the first prong, relevance and materiality. We have said that any “juror who conceals a material fact that is relevant to the controversy is guilty of misconduct, and this misconduct is prejudicial to at least one of the parties, because it impairs his or her right to challenge the juror.” Young v. State, 720 So.2d 1101, 1103 (Fla. 1st DCA 1998). (In criminal cases, of course, the state is also a party.) The presumption of prejudice has been *421 said to apply “unless the opposing party can demonstrate there is no reasonable possibility that the misconduct affected the verdict.” Williams v. State, 933 So.2d 671, 672 (Fla. 1st DCA 2006) (citing State v. Hamilton, 574 So.2d 124, 129 (Fla.1991)). Under the rule, a criminal defendant is entitled to a new trial if a juror’s misconduct has prejudiced the defendant’s substantial rights. See Fla. R. Crim. P. 3.600(b)(4).
A juror’s knowledge, even unrelated to the parties, can be grounds for a challenge. See, e.g., Dery v. State, — So.3d -, -, 2010 WL 2836123 (Fla. 2d DCA 2010) (as a result of juror’s failure to disclose her specialized knowledge about DNA during voir dire, defendant “was prevented from exercising a peremptory or for-cause challenge to strike her from the jury during voir dire”). In remanding for a juror interview and evidentiary hearing to determine possible juror misconduct, we have said that “a juror’s ‘knowledge concerning one of the parties is considered to be a material fact,’ “ and, specifically, that “UJf true, the allegations ... that the juror knew Forbes and had attended a neighborhood meeting wherein crimes were discussed and attributed to him would warrant a new trial.” Forbes v. State, 753 So.2d 709, 710 (Fla. 1st DCA 2000) (quoting Singletary v. Lewis, 584 So.2d 634, 636 (Fla. 1st DCA 1991)). In remanding for a juror interview, the Fourth District stated that a juror’s nondisclosure of the fact that he knew the defendant’s brother “is reasonably capable of affecting a decision to exercise peremptory challenges even if the juror is not disqualified for cause.” Tripp v. State, 874 So.2d 732, 733 (Fla. 4th DCA 2004). But the cases do not say that all knowledge concerning a party or witness is relevant and material.
Here we do not share the trial court’s view that Mr. Bolling established that the information Mr. Maxwell failed to disclose was relevant and material to Mr. Bolling’s decision not to challenge Mr. Maxwell as a juror. Relevance and materiality necessarily turn on the facts and circumstances of each case. See Tejada, 814 So.2d at 341 (quoting Garnett v. McClellan, 767 So.2d 1229, 1230-31 (Fla. 5th DCA 2000)).[1] In ruling on the first prong of the De La Rosa test, the trial court found:
Well, the information of, I know the defendant’s mother and my wife rents to her. And I know that Mr. Maxwell talked about he went to that house one time, and the defendant was in the bedroom and he didn’t see him or he didn’t come out, or something to that effect. But the fact that he knew the defendant and the defendant’s mother, that is relevant and material evidence.[2]
At issue in the present case are relevance and materiality to the defense’s — not the prosecution’s — decision whether to challenge the juror. The Fifth District has explained when undisclosed information is considered material:
A juror’s nondisclosure of information during voir dire is considered material if *422 it is so substantial that, if the facts were known, the defense likely would peremptorily exclude the juror from the jury. James v. State, 751 So.2d 682 (Fla. 5th DCA 2000)....
.... Omitted information has been considered relevant and material where it implies a bias or sympathy for the other side which in all likelihood would have resulted in the use of a peremptory challenge. See, e.g., De La Rosa; Bernal v. Lipp, 580 So.2d 315 (Fla. 3d DCA 1991); Industrial Fire & Cas. Ins. Co. v. Wilson, 537 So.2d 1100 (Fla. 3d DCA 1989); Mobil Chemical Co. v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983).[3]
McCauslin v. O’Conner, 985 So.2d 558, 561 (Fla. 5th DCA 2008). See Fine v. Shands Teaching Hosp. & Clinics, Inc., 994 So.2d 426, 427-28 (Fla. 1st DCA 2008) (reversing for reconsideration under the De La Rosa test where trial court “erred in focusing on whether or not it believed the jurors were biased when deliberating this case rather than on what Appellant’s counsel would have done during voir dire had the litigation history [of the jurors] been disclosed”).
Relevance and materiality must be gauged in the context of a party’s deciding whether to challenge a juror who failed to make disclosure. Section 913.03 provides the grounds for a challenge for cause, including that “[t]he juror has a state of mind regarding the defendant ... that will prevent the juror from acting with impartiality.” § 913.03(10), Fla. Stat. (2009). “The test for juror competency is “whether the juror can lay aside any bias or prejudice and render’ a verdict solely on the evidence presented and the instructions given. If there is any reasonable doubt about a juror’s impartiality, the juror must be excused for cause.” Diaz v. State, 45 So.3d 32, 35 (Fla. 4th DCA 2010) (citations omitted). Here Mr. Bolling does not argue that he would have challenged Mr. Maxwell for cause.
Nor does the record establish that the information Mr. Maxwell failed to disclose would have made a peremptory challenge by the defense likely. “ ‘While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable.’ ” Busby v. State, 894 So.2d 88, 99 (Fla.2004) (quoting Swain v. Alabama, 380 U.S. 202, 220, 85 *423 S.Ct. 824,13 L.Ed.2d 759 (1965) (overruled on other grounds by Batson v. Kentucky, 476 U.S. 79, 106, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986))). Mr. Bolling failed to allege cause or any “imagined partiality” in the present case. Mr. Maxwell did not recognize him on sight, was apparently on friendly terms with his mother, and was not shown to have received any information outside the trial detrimental to his position.
Mr. Bolling did have the right to exercise a peremptory challenge — the defense had one peremptory challenge out of ten remaining by the time Mr. Maxwell, juror number 46, was seated. But Mr. Bolling never even alleged that he would have used a peremptory challenge to strike Mr. Maxwell. See, e.g., Pub. Health Trust of Miami-Dade Cnty. v. Metellus, 948 So.2d 4, 5 (Fla. 3d DCA 2006) (reversing order granting new trial because a juror did not reveal she had been in a divorce and was the target of collection efforts, in part because there was no showing that counsel would have exercised[4] a peremptory challenge against the juror, had he known the information); Freedman v. De La Cuesta, 929 So.2d 25, 26 (Fla. 3d DCA 2006) (no abuse of discretion in denying motion for new trial based on juror nondisclosure when there was no showing that the undisclosed information was substantial and important or that plaintiffs would have exercised a peremptory challenge); Murphy v. Hurst, 881 So.2d 1157, 1162-63 (Fla. 5th DCA 2004) (finding that information juror withheld was not material merely because appellant objected to juror’s presence on jury).
At the hearing on the motion before the trial court, the defense contended that Mr. Maxwell had a duty to notify the court once he recognized Ms. Randall “so that the [cjourt could then give [Mr. Bolling] an option of whether to question him, and then whether it [had] influenced his ability to be fair and impartial.” But the appellant did not adequately allege and did not prove the juror’s nondisclosure was, from a defense perspective, “relevant and material to jury service in the case.” De La Rosa, 659 So.2d at 241. The defense argued merely that it “could” have struck Mr. Maxwell, not that it would in all likelihood [5] have exercised a challenge, if it had *424 known that Ms. Randall and Mr. Maxwell were acquainted. See Fine, 994 So.2d at 428 (emphasizing that the correct standard is the “would in all likelihood” standard).
Affirmed.
WETHERELL and ROWE, JJ„ concur.

. In the context of a juror's failure to disclose litigation history, the supreme court has listed factors to consider in determining "the impact, if any, of a juror’s prior exposure to the legal system on his present ability to serve in a particular case,” including: remoteness in time, character and extensiveness of the litigation experience, and the juror's posture in the litigation. Roberts ex rel. Estate of Roberts v. Tejada, 814 So.2d 334, 342 (Fla.2002).

. That he knew the defendant's mother and therefore who the defendant was — although Mr. Maxwell apparently did not recognize him by sight, at least at first — would undoubtedly have been relevant and material to the state in deciding whether or not to challenge Mr. Maxwell as a juror.

. On the other hand, in Murray v. State, 3 So.3d 1108, 1121 (Fla.2009), a juror informed the court, during trial, that he had just realized that a police officer with the same name as one who was to testify lived in his neighborhood and that he therefore might know the witness. The court brought in the officer, and as soon as the juror saw him he told the court it was not his neighbor. The defendant claimed that he should have been granted a mistrial because the juror did not reveal that he had a police officer as an acquaintance and a neighbor, and the supreme court found that "even if [he] did conceal that fact, it does not pass the Zequeira test for granting a new trial. First, the fact that [the juror] knew a police officer is not material. [He] stated that he rarely saw him and did not speak to him during the trial.” Id. at 1122.
Similarly, the defendant in Bigham v. State, 995 So.2d 207, 215 (Fla.2008), alleged that the trial court improperly allowed a juror to remain on the panel after the juror informed the court, once trial testimony began, that he recognized one of the state’s witnesses, a police detective. The supreme court found that "[o]n the record it appears that the juror's failure to disclose his knowledge of a State witness was not material.” Id. The Bigham court found that the juror recognized the detective as a past acquaintance at a bar that the detective frequented five to seven years before trial; and the court described the juror’s familiarity with the witness as “casual and distant.” Id.

. But see Pereda v. Parajon, 957 So.2d 1194, 1196-97 (Fla. 3d DCA 2007) (reversing trial court’s determination that there was no basis to believe plaintiff’s counsel would have used a peremptory challenge to strike the juror had he known the information later disclosed, and finding that juror’s failure to disclose the facts of the juror’s personal injury litigation was material because it was not too remote in time and might have affected her point of view).

. In this context, we apply a "would in all likelihood” standard in determining materiality:
[Tjhe supreme court in Tejada cited Birch ex rel. Birch v. Albert, 761 So.2d 355 (Fla. 3d DCA 2000), for the proposition that materiality is only shown where the " 'omission of the information prevented counsel from making an informed judgment-which would in all likelihood have resulted in a peremptory challenge.’ ” 814 So.2d at 340. However, the supreme court also cited Garnett v. McClellan, 767 So.2d 1229 (Fla. 5th DCA 2000), for the proposition that " ‘[n]ondisclosure is considered material if it is substantial and important so that if the facts were known, the defense may have been influenced to peremptorily challenge the juror from the jury.’ ” 814 So.2d at 341. While Appellant relies upon the "may have been influenced” standard, the supreme court in State Farm Fire and Casualty Co. v. Levine, 837 So.2d 363, 365 (Fla.2002), cited Tejada for the proposition that materiality is only shown "where the ‘omission of the information prevented counsel from making an informed judgment-which would in all likelihood have resulted in a peremptory challenge.’ ” As such, the "would in all likelihood” standard should be applied on remand. *424 Fine v. Shands Teaching Hosp. & Clinics, Inc., 994 So.2d 426, 428 n. * (Fla. 1st DCA 2008). More recently, the supreme court used the “likely would peremptorily exclude” standard in Murray, 3 So.3d at 1121-22 (quoting McCauslin v. O’Conner, 985 So.2d 558, 561 (Fla. 5th DCA 2008)).