MAKAR, J.
Defendant, Marybeth Morgan, appeals an award of damages to plaintiff, Annie Milton, for personal injuries arising out of an automobile accident. Ms. Morgan contends the jury verdict was tainted by misconduct because a juror lied during voir dire. We strongly condemn the juror’s misconduct, but applicable precedent leads us to affirm in this case.
During voir dire, each prospective juror was asked to complete a standard questionnaire regarding basic personal facts: place of residence, marital status, employment, and history of litigation. In addition, the trial court asked the venire if any of them had been involved in an automobile accident or had been a party to a lawsuit. Several members of the jury answered these questions in the affirmative, but juror Sabrina Poppell remained silent. When it was Ms. Poppell’s turn to answer the questionnaire, she responded “I have never served on a jury or been a party or a witness, no, sir.” Other members of the jury had answered affirmatively, and the trial court asked follow-up questions of those jurors regarding whether they felt the legal system had worked fairly for them; neither attorney asked follow-up questions about prior litigation, however.
During jury selection, Ms. Morgan used two of her three peremptory strikes, the first to strike a prospective juror who had been in several serious car accidents (though not involved in judicial proceedings) and seemed uncomfortable in the jury box. The second was used to strike the alternate juror (who suffered from chronic pain, had previously been in a car accident, had been in an arbitration proceeding with her bank, and whose sister worked in the same field as the plaintiff). Plaintiff used all of her three strikes, eliminating two venire members who had been involved in accidents and one who planned to attend a football game the night before trial. The final jury included one member with current litigation pending from an automobile accident and another who had hired a lawyer in an insurance dispute several years prior. The next morning, prior to the panel being sworn, the trial court dismissed one of the jurors for cause after the parties discovered he had been involved in an accident a month earlier and had hired a lawyer in that case — facts he had failed to disclose.
The jury awarded plaintiff nearly $500,000 in compensatory damages. The same day of the jury verdict, the trial judge that afternoon came across a collections case scheduled on his docket for the next week: the defendant in the case was juror Sabrina Poppell. The trial court promptly notified both parties’ attorneys, and Ms. Morgan subsequently filed a motion for a new trial based on Ms. Poppell’s misleading answers during voir dire.
The trial court held a hearing on the matter and determined that the juror was indeed the same Sabrina Poppell as the defendant in the collections case on his docket. He found that Ms. Poppell had misled the court and the parties due to her untrue statement in voir dire. He concluded, however, that Ms. Morgan had failed to demonstrate that the misrepresentation was material (as defined under the caselaw) and denied the motion for a new trial.
Ms. Morgan seeks reversal, claiming the juror’s misleading statements in voir dire violated her right to inquire into areas of potential bias. She argues the false answers denied her the opportunity to make an informed decision in selecting the jury. We review the trial court’s deci *548 sion to deny a new trial for abuse of discretion. See Freedman v. De La Cuesta, 929 So.2d 25, 26 (Fla. 3d DCA 2006).
At first blush, the denial of a new trial here seems unfair to Ms. Morgan. She is correct that her right to inquire into previous litigation experience is denied when a juror falsely says she has never been involved in litigation. But a per se reversal rule does not apply in these situations. Instead, a reviewing court must balance that right against the need for finality in judgments, as not all false answers are significant enough to make a jury verdict sufficiently unreliable to justify a new trial.
The supreme court has adopted a three-part test for determining whether a juror’s concealment of information during voir dire warrants a new trial: “First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence.” De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995); Bolling v. State, 61 So.3d 419, 419-20 (Fla. 1st DCA 2011).
Here, the second and third prongs are readily established: it is undisputed that Ms. Poppell concealed information, and it would be unreasonable to charge Ms. Morgan with failing to elicit such information given the prospective juror’s unequivocal but false statements about her litigation history. The first prong, relevance and materiality, is more nuanced and subjective to some degree. Past litigation experience is per se relevant to jury service. Roberts ex rel. Roberts v. Tejada, 814 So.2d 334, 339 (Fla.2002). To show materiality, however, the proponent of the new trial must show that the concealed information was material to jury service in the context of the specific case at hand. De La Rosa, 659 So.2d at 241. Moreover, it must be shown that the concealed information, if it had been disclosed, “would in all likelihood have resulted in a peremptory challenge.” Id. at 242 (citation omitted); Roberts, 814 So.2d at 340 n. 9. Materiality involves a matter to which counsel reasonably would have given “substantial weight” in the exercise of peremptory challenges. Mitchell v. State, 458 So.2d 819, 821 (Fla. 1st DCA 1984).
We find persuasive in this case that Ms. Morgan failed to exercise peremptory challenges to strike two other members of the venire who had disclosed involvement in litigation activities. Her strikes focused primarily on other factors, not litigation experience; admittedly, she did strike the alternate juror who, among other areas of questioning, was asked about an arbitration proceeding with her bank. But Ms. Morgan did not question any of the other jurors about their litigation experience, leaving little upon which to conclude that she would have questioned Ms. Poppell further had she disclosed her pending litigation. Instead, it appears from the record that Ms. Morgan did not find past litigation experience so material that she would “in all likelihood” have exercised a peremptory challenge against Ms. Poppell had she told the truth.
We pause in noting that the undisclosed litigation was pending before the very same trial judge. This fact raises a question of whether, despite not questioning all jurors about their litigation experience, Ms. Morgan would have questioned Ms. Poppell about her experience, particularly with this trial judge. We have been unable to find any case involving a similar situation that might shed light on whether this factor matters. While it raises a concern, we believe the trial court adeptly *549 addressed the matter and was in a better position to determine whether it was material given the overall circumstances.
Indeed, Florida courts give great deference to such decisions because trial judges are in the unique position to evaluate the practices of the attorneys during voir dire and to determine what factors were material in jury selection. The parties direct us to a panoply of cases where new trials were warranted; nearly all involve the trial court’s initial grant of a new trial. Where they do not, some additional factor is present: identity of parties between the jury service case and the litigation concealed, as in Palm Beach County Health Department v. Wilson, 944 So.2d 428 (Fla. 4th DCA 2006); or absence in the record of sufficient facts to make a determination, as in State Farm Fire & Casualty Co. v. Levine, 837 So.2d 363 (Fla.2002). Tellingly, we find no case reversing a trial court’s determination that prior jury service was immaterial where trial counsel failed to strike the other members of the venire who had been involved in litigation. We decline, therefore, to find the trial court abused its discretion here.
We again emphasize the distressing conduct in this case: a juror, in whom the parties necessarily placed their faith to be a fair and neutral finder of fact, affirmatively misled the parties and the trial court under oath. We cannot and do not condone this conduct. It has not been shown, however, that the non-disclosure meets the legal standard under the caselaw to warrant a new trial.
AFFIRMED.
BENTON, C.J., concurs.
CLARK, J., dissents with opinion.