IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BORDEN DAIRY COMPANY
OF ALABAMA, LLC, AND
MAJOR O. GREENROCK,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellants,

CASE NO. 1D13-4896

v.

SUSANNE L. KUHAJDA,

     Appellee.

_____/

Opinion filed December 5, 2014.

An appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

Charles F. Beall, Jr., of Moore, Hill & Westmoreland, P.A., Pensacola; Faith A. Nixon of Carr Allison, Daphne, Alabama, for Appellants.

Clayton R. Syfrett of Syfrett & Dykes Law Offices, P.A., Panama City; Laura Beth Faragasso of Henry, Buchanan, Hudson, Suber & Carter, P.A., Tallahassee, for Appellee.


ROWE, J.

Borden Dairy Company of Alabama, LLC, and Major O. Greenrock, the appellants, challenge a judgment from a jury verdict finding them liable for injuries sustained by Susanne L. Kuhajda, the appellee, in a vehicle accident. The

appellants argue that the trial court abused its discretion by denying the defense's motion for a new trial, which asserted that the trial court erred in allowing the plaintiff to play a portion of Mr. Greenrock's videotaped deposition during closing argument. We write to confirm our position that the law supports using a party's deposition for any purpose, and once the videotaped deposition of Mr. Greenrock had been admitted into evidence, it was fully available to the jury to be considered. We affirm all other issues without further discussion.

FACTS

This case arose out of a motor vehicle accident which occurred when a delivery truck owned by Borden Dairy and being driven by Borden's employee, Major Greenrock, was involved in a collision with a vehicle being driven by Susanne Kuhajda. Ms. Kuhajda filed a negligence action against Borden Dairy and Mr. Greenrock for damages alleged to have been incurred due to injuries she sustained as a result of the accident.

Mr. Greenrock testified at trial that he was attempting to drive his 30-foot delivery truck across five lanes, with traffic coming from his left. With the aid of an aerial photograph exhibit at trial, he indicated the positions of his truck and other traffic, including the position of Ms. Kuhajda's vehicle on his left. He testified that a vehicle pulled out from a parking lot to his right, passed in front of him, and prevented him from continuing across the divided highway as he had

anticipated, requiring him to stop his truck with the front bumper somewhere in the median, and the rear of the truck blocking south-bound lanes of travel.

Mr. Greenrock's videotaped deposition was admitted into evidence at trial without objection. During Mr. Greenrock's live testimony at trial, the plaintiff impeached him with portions of his transcribed videotaped deposition. Before resting her case, plaintiff's counsel stated that he wanted to use portions of Mr. Greenrock's videotaped deposition during closing argument. At that time, Borden raised an objection to allowing use of the deposition; the trial court reserved ruling on the objection, but when the trial court allowed the plaintiff to play a video clip of Mr. Greenrock's deposition during its closing argument, the defense did not object.

The jury returned a verdict finding the defendants 100% liable for the collision and awarding Ms. Kuhajda damages. Borden filed a motion for new trial, asserting error in permitting plaintiff's counsel to play a portion of Mr. Greenrock's deposition in closing argument. The trial court denied the motion for new trial.

ANALYSIS

Rulings on the admissibility of testimony are reviewed for an abuse of discretion. See, e.g., Kormondy v. State, 845 So. 2d 41, 52 (Fla. 2003). A trial court's ruling on a motion for new trial is governed by the abuse of discretion

3

standard of review. <u>Allstate Ins. Co. v. Manasse</u>, 707 So. 2d 1110 (Fla. 1998); <u>Morgan v. Milton</u>, 105 So. 3d 545 (Fla. 1st DCA 2012).

To receive a new trial in a civil case based on closing argument, the complaining party must first establish that the argument being challenged is improper. <u>See</u> <u>Murphy v. Int'l Robotic Sys., Inc.</u>, 766 So. 2d 1010 (Fla. 2000). In determining whether a challenged argument is improper, the trial court must consider whether the attorney confined closing argument to the facts and evidence presented to the jury and whether the argument improperly invoked emotional responses from the jury which could have affected the verdict. <u>Id.</u> at 1018. Parties are to be granted great latitude in argument before a civil jury, and a trial court's rulings regarding alleged improper argument are presumed to have been made within the trial court's discretion. <u>See id.</u> We conclude that the trial court did not abuse its discretion in this case by allowing the plaintiff to use portions of Mr. Greenrock's videotaped deposition during closing argument.

The court admitted Mr. Greenrock's videotaped deposition pursuant to Florida Rule of Civil Procedure 1.330(a)(2), which provides that "[t]he deposition of a party . . . may be used by an adverse party for any purpose." In ruling the deposition admissible, the court expressly referred to that rule:

> [T]he rule says that the deposition of any party can be used for any purpose. And so, you know, whether it was the focal point of their case or wasn't, they can use it now. It is evidence. And they don't have to read or show the entire deposition.

4

Admitting the deposition of Mr. Greenrock was not only a ruling within the trial court's discretion, but failure to permit the use of deposition testimony by a party when such use is expressly authorized pursuant to the rules would have been reversible as a matter of law. See, e.g., Castaneda v. Redlands Christian Migrant Ass'n, 884 So.2d 1087, 1090 (Fla. 4th DCA 2004). Further, while not specifically addressed in Florida, there appears to be no absolute prohibition from using videotaped depositions during closing argument. See, e.g., K.C. & Calaway v. Schucker, 2013 WL 5972192 (W.D. Tenn.) (recognizing there is no per se ban on use of video excerpts of depositions in closing arguments); Morgan v. Scott, 291 S.W.3d 622, 636 (Ky. 2009) (same); Perry v. City and County of San Francisco, 2011 WL 2419868 (9th Cir. Apr. 27, 2011) (noting parties may play excerpts from video-recorded depositions during course of closing arguments); see also 88 C.J.S. Trial § 300 (2013) ("[T]here is no blanket prohibition against counsel playing selected portions of a videotaped deposition for a jury during closing argument, and trial courts have discretion to permit, or to refuse, the replaying of videotape segments in closing argument.").

During closing argument, the plaintiff played portions of Mr. Greenrock's videotaped deposition without a contemporaneous objection from the defense. Although it would have been error for counsel to have presented facts to the jury in closing that were not presented in the taking of evidence, see Pacifico v. State, 642

5

So. 2d 1178 (Fla. 1st DCA 1994), the record demonstrates that the evidence at issue here had been presented to the jury. Mr. Greenrock's videotaped deposition had been admitted into evidence, he testified live at trial, and most of the testimony included in the video clip played for the jury had been used during the trial to impeach Mr. Greenrock during his live testimony.

The appellants rely on <u>Shoaf v. Geiling</u>, 960 So. 2d 41 (Fla. 5th DCA 2007), to support their argument for reversal. There, the Fifth District held that it was reversible error to allow a party to play videotaped deposition testimony of witnesses during closing argument where that testimony had not been previously admitted into evidence in that form. This case is clearly distinguishable from <u>Shoaf</u>. The deposition testimony at issue in <u>Shoaf</u> was that of witnesses who were not subject to rule 1.330, while the deposition testimony in this case was of a party, Mr. Greenrock; thus, his deposition testimony could be used for any purpose. Further, unlike the witness depositions at issue in <u>Shoaf</u>, the deposition testimony of Mr. Greenrock had been admitted into evidence. Thus, the reasoning in <u>Shoaf</u> is not persuasive in this case.

Because rule 1.330(a)(2) allows the deposition of a party to be used for any purpose and the deposition of Mr. Greenrock was properly admitted into evidence, the trial court's decision to allow videotaped portions of the deposition to be played during closing argument is AFFIRMED.

6

ROBERTS, J., CONCURS; THOMAS, J., CONCURS IN RESULT ONLY.